COURT OF APPEALS
DECISION
DATED AND FILED

June 15, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1032-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2018CF843

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

STACEY T. WEIHER,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Kenosha County: BRUCE E. SCHROEDER, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Kornblum, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Stacy T. Weiher appeals a judgment of conviction, entered on her guilty plea, for delivering less than one gram of cocaine, as well as an order denying her postconviction motion.   She argues the circuit court sentenced her based on her race in violation of her due process rights.   She also argues the court erroneously exercised its sentencing discretion by relying on inaccurate information.  We reject her arguments and affirm.

## BACKGROUND

¶2     Weiher was charged with several offenses, eventually entering a plea to a single count of delivering less than one gram of cocaine without any penalty modifiers.   The State dismissed the remaining charges and agreed to a joint recommendation of probation.  After receiving a presentence investigation report and conducting a sentencing hearing, the circuit court imposed two years' initial confinement and five years' extended supervision for the crime.  The State noted at the hearing that this case, along with another of Weiher's, had been previously referred to drug court, which Weiher had failed.

¶3     Weiher filed a motion for sentence modification, seeking a probationary sentence.  First, she argued that the circuit court improperly relied on her race when it noted the number of opportunities she had been given to conform her conduct to the requirements of the law.[1]   The court stated at sentencing, amongst other things, that "if I were going to make the case for disparate treatment between the races in the courts and claim that blacks, for example, are treated more harshly than white people, this would be Exhibit A."   The court opined that

---

[1]   Weiher is white.

"if she were black, she would have been in prison a long time ago, sad to say." It continued:

> So this woman has been dealt with very permissively. She has been involved in a lot of serious criminal misbehavior, and she has been given chance after chance after chance, and I had that fear that this was going to continue with the whole business of the drug court. I was flabbergasted that she was selected for drug court, and again I don't want to comment on anybody, and I'm certainly not suggesting that anyone in this system has purposely discriminated against anyone. I really don't believe that, and I know these people very, very well, and I truthfully don't believe that there is any discrimination involved, but I do believe that this woman has been given too much, and it's ended up in harm.

¶4 Second, Weiher's sentence modification motion argued the circuit court had erroneously relied on inaccurate information. The court had discussed Weiher's drug use during the sentencing hearing. The court paused to clarify that Weiher was not being sentenced for using drugs; rather, it remarked that "while [Weiher] was, quote, helping the police, she was also out dealing heroin, so she is a big heavy-duty offender, and that's why she is going to prison today." The court discussed the risks posed to society by drug distribution, remarking, "I think it's a ghastly mistake to have people who are selling cocaine, selling heroin, and let them go through some kind of a treatment program as an alternative to punishing them for their wrongfulness." Weiher argued the court's observations were premised on inaccurate information, as she had been selling crack cocaine—not heroin—while on bond, and had not been working with the police while doing so.

¶5 The circuit court denied Weiher's sentence modification motion. The court denied having any racially discriminatory intent, asserting it had "mentioned it only as illustrative of circumstances in which, with no deliberate purpose to favor one offender over the other on account of race, preferential

treatment is ultimately enjoyed by some and not by others." The court further rejected the notion that it had relied on inaccurate information, concluded dealing heroin or cocaine was "a distinction without a difference." Weiher now appeals.

## DISCUSSION

¶6     Weiher argues the circuit court impermissibly relied on her race at sentencing. We review a court's sentencing decision for an erroneous exercise of discretion. *State v. Dodson*, 2022 WI 5, ¶8, 400 Wis. 2d 313, 969 N.W.2d 225. A court erroneously exercises it sentencing discretion when it "actually relies on clearly irrelevant or improper factors." *Id.* Accordingly, a defendant must demonstrate by clear and convincing evidence both that: (1) the challenged factor was irrelevant or improper; and (2) the circuit court actually relied on that factor at sentencing. *Id.*

¶7     A defendant has a constitutional due process right not to be sentenced on the basis of his or her race. *State v. Harris*, 2010 WI 79, ¶33, 326 Wis. 2d 685, 786 N.W.2d 409. Here, the circuit court made passing references to racial inequality, comparing the number of opportunities Weiher was given to a hypothetical black defendant. Weiher argues a "reasonable presumption is that to compensate for this perceived disparate treatment, the Court did not follow the parties' negotiated disposition of probation" and instead sentenced her to prison.

¶8     We agree with the State that this is not an accurate characterization of the circuit court's comments. At best for Weiher, the court's comments can be interpreted as mere speculation regarding why Weiher had avoided more stringent punishment in the past. The record does not substantiate the inference Weiher draws though, that as a result the court wanted to punish her more harshly in this instance to make up for a perceived racial disparity in her previous dealings with

the justice system. Rather, the court's apparent, and expressed, concern was that despite being caught in the past, she continued to distribute drugs into the community. As the State explains, the court's comments therefore bore a reasonable nexus to relevant and appropriate sentencing factors, including Weiher's character and the need to protect the public. *See Harris*, 326 Wis. 2d 685, ¶59.

¶9 Moreover, the circuit court at sentencing expressed dismay at the notion that anyone in the justice system would purposefully discriminate against a defendant on the basis of his or her race. While not dispositive, we note Weiher's argument would require us to conclude that the court uttered these comments only to then immediately ignore them and hand down a harsher sentence. To the contrary, "our obligation is to review the sentencing transcript as a whole, and to review potentially inappropriate comments in context." *Id.*, ¶45. Under the circumstances of this case, the sentencing transcript does not reveal the impermissible consideration of race.

¶10 Weiher also argues the circuit court relied on inaccurate information that she sold heroin while she was cooperating with law enforcement on another case. A defendant has a due process right to be sentenced based on accurate information. *State v. Coffee*, 2020 WI 1, ¶37, 389 Wis. 2d 627, 937 N.W.2d 579. The defendant must show, by clear and convincing evidence, that: (1) some information at the sentencing was inaccurate; and (2) the circuit court actually relied on the inaccurate information at sentencing. *Id.*, ¶38.

¶11 Here, Weiher has not demonstrated the information was inaccurate. It is undisputed that Weiher had previously been charged with several counts of delivering heroin in Kenosha County case No. 2017CF587, one of which she pled

guilty to. That offense occurred in 2016, Weiher was charged in June of 2017, and her cash bond was converted to a signature bond in August 2017. It is also undisputed that she was cooperating with police at some point, and through that cooperation she obtained a referral to drug court.

¶12 Weiher acknowledges, however, that the record is uncertain when, precisely, she was actively cooperating with police. She merely posits that because she was referred to drug court, a "reasonable presumption" is that she started working with law enforcement after the June 2017 charges were filed, and there is no evidence she was dealing heroin after she was charged. This "reasonable presumption" falls short of the evidentiary burden defendants bear——i.e., clear and convincing evidence—to show that information was inaccurate.

¶13 In any event, we agree with the State that there was also insufficient evidence that the circuit court actually relied on the information, even if it was arguably inaccurate. "A circuit court actually relies on incorrect information when it gives 'explicit attention' or 'specific consideration' to it, so that the misinformation 'formed part of the basis for the sentence.'" *Coffee*, 389 Wis. 2d 627, ¶38 (quoting *State v. Tiepelman*, 2006 WI 66, ¶14, 291 Wis. 2d 179, 717 N.W.2d 1).

¶14 To demonstrate reliance, Weiher points to the circuit court's comment—which occurred directly after the court's statement about Weiher dealing heroin while she was working with the police—that "she is a big heavy-duty offender, and that's why she is going to prison today." Weiher argues this comment created a causal connection between the inaccurate information and her prison sentence. Moreover, she takes issue with the circuit court's postconviction reasoning that the particular drug she was dealing was a "distinction without a

difference." Weiher notes that there is a one-level difference in the felony classification level for dealing cocaine versus dealing heroin.

¶15 In highlighting the circuit court's decision to send her to prison, Weiher inadvertently undermines her own argument. The sentencing transcript is clear that the basis for her prison sentence was not her dealing in any particular drug while working with police, but the fact that she was dealing drugs after already having been charged with distributing heroin and cocaine in 2017. After mentioning that the court regarded Weiher as a "big heavy-duty offender," the court noted that it would imprison drug offenders only "because of the risk they pose to society in … ways" other than their drug use. The court continued:

> It all needs to be examined from the likelihood of continued wrongdoing and for the protection of the public, and the motivation, whether it's to get more drugs for herself or whether it's to do it as a profit business, I don't think it makes that much difference. I think this woman has committed terrible, terrible crimes, and I think that she has to be brought to justice for them.

In short, it is apparent the decision to sentence Weiher to prison and not probation was based on the court's calculation of the risk that she presented to the public, her own previous failures to conform her conduct to the law, and the gravity of the offense.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).